

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 19 2006

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LESLIE CARROLL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 5:05-CV-0234-C |
| § | ECF |
| JO ANNE B. BARNHART, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

Plaintiff Leslie Carroll seeks judicial review of a decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. This court has reviewed the administrative record, the arguments of both parties, and the applicable law and recommends that the District Court affirm the Commissioner's decision.

I.   **Facts**

Carroll filed her application for DIB on August 15, 2003, when she was forty-one years of age and testified that she last worked as a secretary in March 2001. (Tr. 18, 59-61.) In her application she alleged that beginning in December 2002 problems with her hands and wrists limited her ability to work and alleged in her request for a hearing before an

Administrative Law Judge (ALJ) that she could not get a job because of the condition of her hands. (Tr. 43, 71.) She testified at the hearing that she also had problems with her right knee and wears a knee brace. (Tr. 23-25.)

The ALJ determined at the fourth step of the sequential disability analysis[1] that Carroll was not disabled because she retained the residual functional capacity to perform light work and could therefore perform her past work as a convenience store clerk. (Tr. 12.)

## II. Discussion

Carroll argues that the ALJ erred in not considering medical evidence generated after March 31, 2004, the date on which she was last insured for DIB. She argues that the ALJ erred in relying on *Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985) and *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) (per curiam) to support his refusal to consider medical evidence generated after her last date of insured status. She contends that in contrast to the plaintiff in *Demandre,* she has long-standing medical problems and her medical condition is more serious than that of the plaintiff in *Owens*.

As an initial point the evidence generated after March 31, 2004, does not demonstrate that Carroll was disabled before or after her insured status expired. Further, whether the facts in this case are factually distinguishable from those in *Owens* and *Demandre* is immaterial.

---

[1] The ALJ uses a five step sequential analysis to evaluate claims of disability and decides whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

The statutory rule cited by the Fifth Circuit Court of Appeals in *Owens* and *Demandre* is applicable to all individuals who seek DIB regardless of the medical condition on which they claim disability or the particular facts of their case. The insured status of the claimant is a threshold issue that must be determined in all cases; the Social Security Act does not authorize payment of benefits to a claimant who is not insured for disability insurance benefits. 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1). Thus, as stated in *Owens*, under the provisions of the Social Security Act, the claimant must show that he became disabled on or before the expiration of his insured status. 770 F.3d at 1280. An impairment that becomes disabling after the expiration of insured status cannot serve as the basis for finding the claimant disabled. *Id.* (citing *Demandre*, 591 F.2d at 1090).

Carroll also argues that the ALJ erred in finding that she did not have rheumatoid arthritis. She points out that examination notes from Naga Bushan, M.D., one of her treating specialists, indicate that she suffers from the disease and contends the disease is a slowly progressive impairment that commonly leads to joint destruction and deformity and loss of range of motion. She argues that the ALJ was therefore required to apply the directives for evaluating slowly progressive impairments found in Social Security Ruling 83-20.

The ALJ noted that Carroll alleged disability due to carpal tunnel syndrome and arthritis and found that the impairments were severe. (Tr. 11.) He also noted that at one point it was suspected that Carroll had rheumatoid arthritis but testing for the disease was negative and her diagnosis was asymmetric polyarthritis. (Tr. 12.) The ALJ was correct. Dr. Bushan, a rheumatologist, diagnosed Carroll with asymmetric polyarthritis after tests for

rheumatoid factor was negative. (Tr. 131-32, 136, 140, 143, 155-56.) Although examination records from Dr. Bushan from a later date indicate a diagnosis of seronegative rheumatoid arthritis[2], there is nothing in Dr. Bushan's notes to indicate that the disease presented the degenerative conditions Carroll cites as characteristic of the disease. Dr. Bushan's physical examinations consistently indicate that Carroll had full range of motion in her joints, and there is no indication of joint instability, destruction, or deformity either before or after her insured status expired. (See,. e.g., Tr. 164-69, 172, 224, 252.)

In regard to Carroll's allegations related to her right knee, the records show that she complained of intermittent pain and swelling in her right knee for approximately one year and three months before her insured status expired. (Tr. 108, 140, 161, 235, 237.) Thereafter one of her physicians suspected that she might have a medial meniscus[3] tear that might be corrected with arthroscopic treatment. (Tr. 221.) An MRI showed degenerative signal in the menisci but no tear and no ligament injuries. (Tr. 219-20.) An X-ray was also ordered and showed no significant degenerative changes and no fractures. (Tr. 240.) Further, a number of physical examinations show that her knee had full range of motion, was non

---

[2] A diagnosis of seronegative rheumatoid arthritis indicates that an individual has rheumatoid arthritis without evidence of the rheumatoid factor. See STEDMAN'S MEDICAL DICTIONARY 1623 (27th ed. 2000).

[3] Meniscus are crescent-shaped fibrocartilaginous structures of the knee. STEDMAN'S MEDICAL DICTIONARY 1091 (27th ed. 2000).

4

tender, and had only occasional synovitis.[4] (Tr. 165-66, 172, 174, 219.) The medical evidence substantially supports the conclusion Carroll's arthritis and knee condition were not disabling, and the ALJ's analysis of these conditions was correct. (*See* Tr. 11-12, 164-69, 252.)

Further, the ALJ was not required to apply the directives of Ruling 82-30 in this case. The Commissioner's rulings obligate the ALJ to apply Ruling 83-20 in cases involving slowly progressive impairments to determine the date that claimant's disability began. S.S.R. 83-20, 1983 WL 31249. As this court and other district courts have held, the provisions of Ruling 83-20 are not applicable unless the claimant is disabled and entitled to benefits. *See, e.g., Barraza v. Barnhart*, 2002 U.S. Dist. LEXIS 12084, at *26-27 (N.D. Tex. Apr. 25, 2002); *Harris v. Massanari*, No. CIV. A. 4:00-1256-BE, 2001 WL 770980, *4 (N.D. Tex. July 3, 2001); *see also Nix v. Barnhart*, 160 Fed. Appx. 393 (5th Cir. 2005) (affirming the District Court's adoption of this court's report and recommendation and holding that Ruling 83-20 is not applicable unless the claimant is found to be disabled). Because the ALJ did not find that Carroll was disabled, he was not required to apply the directives of Ruling 83-20 to her case.

Finally, Carroll argues that the ALJ's residual functional capacity determination is not supported by substantial evidence. She argues in part that the ALJ relied on a report dated

---

[4] Synovitis is defined as "inflammation of a synovial membrane especially that of a joint; in general, when unqualified, the same as arthritis." STEDMAN'S MEDICAL DICTIONARY 1773 (27th ed. 2000).

October 10, 2003, from a non-examining agency physician who determined that she was capable of performing light work. She argues that the report was out of date because the agency physician did not consider medical evidence generated after October 2003 and therefore the ALJ should not have relied on the report. This argument is without merit because the ALJ did not cite the report or indicate that he relied on the report to reach his decision.

Carroll also points out that the ALJ did not mention two examination reports that document her complaints that she was dropping things, that he failed to include limitations related to her wrist condition in his residual functional capacity, and that his residual functional capacity determination is therefore not supported by substantial evidence. Carroll's final argument does not require remand. As Carroll points out, there are subjective reports that her wrist condition caused her to drop objects. (Tr. 160, 227.) Although it would have been preferable for the ALJ to discuss these reports in his decision, his failure to do so was harmless rather than reversible error. Error is regarded as "harmless" when it does not compromise the ALJ's ultimate conclusion. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); s*ee also Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (finding harmless error even if it were determined that the ALJ had erred because it was "inconceivable that the ALJ would have reached a different conclusion" in absence of an error).

The ALJ determined that Carroll could perform light work, that her past work as a convenience store clerk was performed at the light exertional level, and that she was

therefore not disabled. (Tr. 12-13.) Carroll reported on application documents that as a convenience store manager she was responsible for daily reports, audits, time cards, deposits, schedules, and ordering and stocking merchandise. (Tr. 72.) Considering the medical evidence and evidence related to the tasks Carroll performed as a convenience store manager, substantial evidence supports the ALJ's decision.

Under the substantial evidence standard of review, the court is not permitted to reweigh the evidence or substitute its own judgment for that of the Commissioner. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). Rather, the court must scrutinize the entire administrative record to determine whether substantial evidence supports the Commissioner's decision. *Neal v. Bowen*, 829 F.2d 528 (5th Cir. 1987). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citations omitted). In this case, there is substantial evidence to support the ALJ's decision. Therefore, it should be affirmed.

### III. Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Carroll's complaint with prejudice.

### IV. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy

of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   July 18, 2006.

*/s/ Nancy M. Koenig*
NANCY M. KOENIG
United States Magistrate Judge